UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CHRIS J EPPERSON,

Plaintiff,

v.

STATE OF KENTUCKY,

Defendant.

Case No. 1:26-cv-06269-JLT-FJS

FINDINGS AND RECOMMENDATIONS THAT THE ACTION BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS, FAILURE TO PROSECUTE, AND FAILURE TO PAY FILING FEE

(ECF No. 4)

FOURTEEN (14) DAY DEADLINE

ORDER DIRECTING THE CLERK OF THE COURT TO SERVE A COPY OF THESE FINDINGS AND RECOMMENDATIONS ON PLAINTIFF

## I. BACKGROUND

Chris J Epperson ("Plaintiff"), proceeding *pro se*, filed the above captioned action on August 7, 2026. (ECF No. 1.) On August 14, 2026, the court ordered Plaintiff to either submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, or, in the alternative, pay the $405.00 filing fee in this action within twenty-one (21) days of the date of service of the order. (ECF No. 3.) Because no application nor filing fee was received, on October 19, 2026, the court issued an order to show cause why the action should not be dismissed. (ECF No. 4.) The court cautioned that Plaintiff's failure to respond to the order to show cause within fourteen days

would result in a recommendation that this action be dismissed. (*Id.*) Plaintiff has neither filed a long form application to proceed in forma pauperis, paid the filing fee, or responded to the court's order to show cause.

II. <u>LEGAL STANDARD</u>

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Moreover, a court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met for a court to take action. *In re PPA*, 460 F.3d at 1226.

III. <u>DISCUSSION</u>

Here, Plaintiff has neither filed an application to proceed in forma pauperis, paid the filing fee, nor otherwise responded to the court's August 14, 2026, or October 19, 2026, orders, and the time to do so has passed. Plaintiff's failure to comply with the orders of the court hinders the court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this court's orders. Thus, the first and second

factors—the expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988).

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and respond to the court's order to show cause issued on October 19, 2026. (ECF No. 3). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Yet "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He instead has failed to comply with this court's orders and the Federal Rules of Civil Procedure and by such conduct is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the court's order to show cause, requiring a response from Plaintiff, cautioned: "Failure to comply with this order will result in the issuance of a recommendation to dismiss this action" (ECF No. 4 at 2.)

Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions. Having considered and balanced the equities noted above, because Plaintiff has failed to comply with this court's orders and failed to prosecute the action consistent with the Federal Rules of Civil Procedure, the undersigned recommends dismissal of this action.

## IV. FINDINGS AND RECOMENDATION

Accordingly, it is HEREBY RECOMMENDED that:

(1) This action be DISMISSED without prejudice for failure to pay the filing fee or file an application to proceed in forma pauperis, failure to abide by the court's orders, and failure to prosecute; and

(2) The Clerk of the Court be DIRECTED to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

The court HEREBY DIRECTS the Clerk of the Court serve a copy of these findings and recommendations on Plaintiff.

IT IS SO ORDERED.

Dated: **November 20, 2026**

UNITED STATES MAGISTRATE JUDGE